UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN HICKEY, | ) | 1:08-cv-00826-OWW-TAG HC |
|     Petitioner, | ) ) | ORDER ON PETITIONER'S REQUEST TO AMEND SCHEDULING ORDER |
|     v. | ) ) | (Doc. 10) |
| NEIL ADLER, Warden, | ) ) | |
|     Respondent. | ) ) | |

Petitioner is a federal prisoner represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On June 12, 2008, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). On August 12, 2008, the Court ordered Respondent to file a response to the petition. (Doc. 7). The following day, August 13, 2008, Petitioner filed a document requesting that the Court amend its order of August 12, 2008, to 1) reflect that Petitioner is represented by counsel; 2) clarify the Court's explanation of Petitioner's claim; and 3) amend the briefing schedule to require Respondent to file a response within three days, but no later than twenty days. (Doc. 10).

**DISCUSSION**

1. Petitioner is represented by counsel.

The Court acknowledges its inadvertent error in characterizing Petitioner as a "pro se" federal prisoner in the scheduling order. The Court is aware of counsel's representation of Petitioner, and

1

notes that the scheduling order was served on counsel.  The first sentence of the scheduling order will be revised to read "Petitioner is a federal prisoner represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241."

2. Petitioner's claim.

Regarding Petitioner's concern that the scheduling order does not accurately reflect his allegations, neither Petitioner nor his counsel need fear that the Court does not understand the allegations in the petition.  Petitioner's request notes that the Court summarizes his allegations by stating that "Petitioner alleges that the BOP's failure to <u>provide</u> such an assessment is in violation of federal law...."  (Doc. 10, p. 2)(emphasis supplied).  It appears that Petitioner may be concerned that the Court fails to appreciate that he is not contending that he has been denied an assessment, but that the assessment he was given was not followed by placement in a Regional Rehabilitation Center. (<u>Id.</u>).

The use of the word "provide" was ambiguous, and, in retrospect, "effectuate" would have been a more precise verb.  However, the Court notes that in the sentence immediately preceding the language quoted by Petitioner, the Court stated that Petitioner contends that the BOP, "after conducting an assessment that determined Petitioner could be placed in a Regional Rehabilitation Center ("RRC"), has arbitrarily and capriciously declined to make such a placement based on the fact that Petitioner has almost 66 months remaining on his present sentence."   Hence, it is apparent that the Court understands the nature of  Petitioner's claim.  That having been noted, and there being no misunderstanding about Petitioner's claim, the Court sees no need to amend the scheduling order.

3. Response date.

Finally, with respect to the date within the scheduling order for Respondent to file the response, Petitioner cites 28 U.S.C. § 2243, which provides that a return to the writ application must be made "within three days unless for good cause additional time, not exceeding twenty days, is allowed."  (Doc. 10, p. 3).  Relying upon the literal words of § 2243, Petitioner requests that this Court amend the scheduling order to require Respondent to file a response within the time specified in § 2243.  (<u>Id.</u>).  This the Court declines to do.

Rule 4 of the Rules Governing Section 2254 Cases [1] provides that following a preliminary screening of the petition, if the Court does not summarily dismiss the petition, "...[T]he judge must order the respondent to file an answer, motion, or other response *within a fixed time*, or to take other action the judge may order."  (Emphasis supplied).  The Advisory Committee Notes to Rule 4 explain the interaction of Rule 4 with § 2243 as follows:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made.  Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause.  In view of the widespread state of work overload in prosecutors' offices..., additional time is granted in some jurisdictions as a matter of course.  Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made."

Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. (Citations omitted.)

The Fresno Division of the Eastern District typically provides federal respondents with sixty days to file a response to a petition fort writ of habeas corpus.  Thus, Petitioner was treated no different in this regard than any other federal prisoner.  The Fresno Division's policy of providing federal respondents with sixty days to respond reflects a balancing of a petitioner's interest in a timely resolution of his claims with the reality of respondent's limited resources in responding not merely to the instant petition but to the numerous other petitions now pending in both this Court and other Courts within this District.  Accordingly, the Court will deny Petitioner's request to amend the scheduling order to require a response to be filed within the time parameters set forth in 28 U.S.C. § 2243.

**ORDER**

Accordingly, the Court makes the following order on Petitioner's request to amend the scheduling order (Doc. 10):

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules "apply to proceedings for . . . habeas corpus . . . to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the rules Governing Section 2255 Cases."  Fed. R. Civ. P. 81(a)(4).  This Court regularly exercises its discretion to apply the Rules Governing Section 2254 Cases to petitions filed pursuant to 28 U.S.C. § 2241.

1. The first sentence of the scheduling order (Doc. 7) is revised to read as follows: "Petitioner is a federal prisoner represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241."  All other provisions of the scheduling order shall remain in full force and effect, and the balance of Petitioner's requests to modify the scheduling order are DENIED.

IT IS SO ORDERED.

Dated:   **August 15, 2008**                                             /s/ Theresa A. Goldner
                                                                  UNITED STATES MAGISTRATE JUDGE