1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                               **EASTERN DISTRICT OF CALIFORNIA**

6    JOHN HICKEY,                        )        1:08-cv-00826-TAG-HC
                                         )
7            Petitioner,                 )        ORDER GRANTING  EXTENSION
                                         )        OF TIME TO FILE ANSWER
8        v.                              )        (Doc. 17)
                                         )
9    NEIL ADLER, Warden,                 )        ORDER NOTING THAT
                                         )        PETITIONER IS REPRESENTED
10                                       )        BY COUNSEL
             Respondent.                 )        (Doc. 16)
11   _____)

12           Plaintiff is a federal prisoner represented by counsel, proceeding with counsel in a petition for

13   writ of habeas corpus pursuant to 28 U.S.C. § 2241.

14           On August 12, 2008, the Court ordered Respondent to file a response within sixty days.

15   (Doc. 7).  The electronic entry by the Clerk of the Court regarding Document 7 indicates that at the

16   time the docket entry was made that an Answer to the petition was due by October 15, 2008.  On

17   October 15, 2008, Respondent electronically filed a Motion for an extension of time of thirty days.

18   (Doc. 17).  Respondent contends that he needs additional time because (1) he has not been able to

19   obtain necessary documents from the Bureau of Prisons ("BOP") and needs additional time to obtain

20   said documents; (2) the BOP may be promulgating regulations relating to Petitioner's claims in the

21   near future; and (3) counsel needs additional time to consult with the BOP because of a potential

22   lack of subject matter jurisdiction due to the fact that "the relief requested would not alter the fact or

23   duration of petitioner's confinement."  (Id.).   On October 16, 2008, Petitioner, through his counsel,

24   filed an Opposition to Respondent's motion for extension of time, contending that the motion was

25   untimely.  (Doc. 19).  On October 16, 2006, Respondent filed a Response to Petitioner's objections,

26   contending that his request for an extension of time was timely filed pursuant to Rules 5(b)(2)(E) and

27   6(d) of the Federal Rules of Civil Procedure. (Doc. 21).

28                                                   1

1        1.  Petitioner is represented by counsel

2        On October 14, 2008, Petitioner filed a document requesting that the Court amend an order

3    stating that Petitioner is proceeding pro se.  (Doc. 16).  As indicated in the Court's Order

4    dated August 15, 2008 (Doc. 11), the Court is aware that Petitioner is represented by counsel.

5    Counsel's representation of Petitioner is reflected on the docket in this action and all orders in this

6    action have been served on Petitioner's counsel as reflected in the docket.  In response to Petitioner's

7    request, the Court again notes that Petitioner is represented by counsel, and finds no need for further

8    corrections in that regard.

9        2.  Respondent's motion for an extension of time

10        A.  Timeliness

11        As discussed supra, on August 12, 2008, the Court ordered Respondent to file a response

12    within sixty days.  The Court notes that sixty days after August 12, 2008 is Saturday, October 11,

13    2008.  When the last day of a period falls on a Saturday, the period runs until the end of the next day

14    that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.  Fed. R.

15    Civ.P. 6(a).  Monday, October 13, 2008 is Columbus Day, which is a legal holiday.  Fed.R.Civ.P.

16    6(a)(4).  Thus, the last day of the period under Rule 6(a) would fall on Tuesday, October 14, 2008.

17    However, where as in this instance, a party may or must act within a specified time after service and

18    service is made electronically, three days are added after the period would otherwise expire under

19    Rule 6(a).  Fed. R. Civ. P. 6(d).  Thus, Respondent had until October 17, 2008 to act.  The Court also

20    notes that the Clerk of the Court docketed the filing of an Answer for October 15, 2008, and

21    concludes that Respondent was entitled to rely on that date as the deadline for filing an Answer,

22    regardless of whether the Clerk of the Court was correct or not in setting that date as the deadline.

23    The Court cannot find Respondent's Motion to be untimely when Respondent was simply abiding by

24    the deadlines established by the Court's own administrative staff, particularly when the deadline

25    advanced what would have otherwise been the deadline to act under Rules 6(a) and (d).

26    Accordingly,  the Court rejects Petitioner's argument that Respondent's Motion for an extension of

27    time is untimely, and concludes that the Motion was timely filed on October 15, 2008.

28

2

B. Good cause

Regarding the substantive grounds for requested extension of time, the Court finds that Respondent's counsel has shown good cause for an extension of time in order to obtain additional documents required to file an Answer.  Thus, the Court will grant the Motion.

However, the Court is not persuaded by Respondent's other reasons for his request for an extension of time.  First, the fact that the BOP may or may not, at some future time, promulgate regulations that may impact the issues in the petition is not a basis on which to delay these proceedings.  It is a hypothetical, rather than real, reason for an extension of time.

Second, Respondent's claim that the Court may lack subject matter jurisdiction because the petition does not request relief that would alter the fact or duration of Petitioner's confinement is, contrary to Respondent's assertions, not a complex issue.  To the contrary, the question of subject matter jurisdiction for federal prisoners proceeding pursuant to 28 U.S.C. § 2241 is routinely raised in this Court and the case law governing such jurisdiction is well-established.  The Court does not at this time see the need for additional time for research of this legal issue.  Accordingly, the Court concludes that neither of Respondent's latter two grounds for an extension of time justify an extension of time.

### ORDER

Good cause having been presented to the Court and GOOD CAUSE APPEARING,  IT IS HEREBY ORDERED as follows:

1.     Respondent's Motion for an extension of time to file an Answer (Doc. 17), is GRANTED; and,

2.     Respondent is granted thirty (30) days from the date of service of this order in which to file an Answer.

IT IS SO ORDERED.

Dated:   **October 17, 2008**                                      **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE