# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HICKEY, | 1:08-cv-00826-JMD-HC |
| Petitioner, | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| v. | |
| NEIL ADLER, et al., | ORDER DIRECTING CLERK TO ENTER JUDGMENT |
| Respondents. | |

### Introduction

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant petition for writ of habeas corpus on June 12, 2008.

On June 16, 2008, Petitioner consented to have a United States Magistrate Judge conduct all proceedings in this case, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6). Respondent consented to Magistrate jurisdiction on September 23, 2008. (Doc. 14).

Respondent filed an answer to the petition on November 24, 2008, and Petitioner filed a traverse on December 23, 2008. (Docs. 23; 24).

### Factual Background

On November 18, 2005, a jury convicted Petitioner of ten counts of mail and securities fraud, and the trial court sentenced Petitioner to a term of imprisonment of ninety-seven months. (Pet. at 4). Petitioner does not challenge his conviction or his sentence.

Rather, Petitioner contends that the execution of his sentence is contrary to federal law because the Federal Bureau of Prisons (BOP) has relied upon unlawful regulations to deny Petitioner transfer to a residential re-entry center ("CCC").[1] (Pet. at 5).

Pursuant to BOP policy, federal prisoners undergo periodic "program reviews" at least once every one-hundred-eighty calendar days. 28 C.F.R. § 524.11 (2009). One of the many queries contained on the BOP's standard program review report sheet read's "CCC Recommendation." (Pet., Ex. 1). On January 14, 2008, Petitioner received a program review report which contained the statement "2-10-2013 will be recommended" in the space allocated for the BOP's CCC recommendation. (Id.). Petitioner contends that this statement constitutes a finding by the BOP that, as of the date of the program review report, Petitioner was suitable for placement in a CCC.[2] (Pet. at 2). Petitioner further contends that, despite the recommendation contained in his January 12, 2008 program review report, the BOP "refused to transfer" Petitioner to a CCC based solely on the amount of time left on Petitioner's sentence. (Id.). Petitioner's claim appears to be based on (1) a statement contained in a document entitled "Male Custody Classification Forum," dated January 15, 2008, which states "reason(s) for not following the form's recommendation: decrease not warranted; 66 months remaining on sentence," (Id., Ex. A at 5); and (2) the versions of 28 C.F.R. §§ 570.20-21 in effect at the time of Petitioner's January of 2008 program review, which precluded the BOP from placing an inmate in CCC unless the inmate was serving the last ten percent of his sentence. 28 C.F.R. §§ 570.20-21 (2008).

**Discussion**

**I.   Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28

---

[1] Residential re-entry centers ("RRC's"), colloquially known as "half-way houses," were formerly referred to as "CCC's" under BOP regulations. *See, e.g.,Rodriguez v. Smith,* 541 F.3d 1180, 1181 n.1 (9th Cir. 2008). The Court refers to RRC's as CCC's throughout this opinion because the key documentary evidence in this case employs the designation CCC.

[2] There is a factual dispute between the parties with respect to the meaning of this statement. For reasons discussed below, resolution of this factual dispute is immaterial to the Court's order.

U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). Federal courts have jurisdiction to entertain challenges to the BOP's refusal to place a prisoner in a CCC facility pursuant to section 2241. *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to CCC facility).[3]

Respondent contends that the Court lacks jurisdiction over this matter because the petition does not challenge the fact or duration of Petitioner's confinement. (Answer at 6-7). Respondent cites *Ramirez v. Galaza*, 334 F.3d 850, 856-59 (9th Cir. 2003) for the proposition that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."[4] (Answer at 8). Respondent's contention lacks merit. Unlike section 2255, section 2241 does not contain language limiting jurisdiction under section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; *compare United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under section 2255 because petitioner was not claiming right to be released) *with Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (challenge to timing and amount of fine payments cognizable under section 2241's execution clause). Accordingly, section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release or to shorten the duration of his confinement. *See, e.g., Rodriguez*, 541 F.3d at 1182; *Montez*

---

[3] Respondent devotes over ten pages of its answer to assailing the Court's jurisdiction, but fails to even mention the Ninth Circuit's implicit holding in *Rodriguez* that section 2241 provides a basis for jurisdiction in this action. 541 F.3d at 1189 (affirming habeas grant under section 2241 authority). Instead, Respondent cites *Rodriguez* in *support* of Respondent's position that the Court lacks jurisdiction in this matter, stating: "Rodriguez makes it clear that ...movement to [a CCC] does not, in any sense, implicate the fact or duration of petitioner's confinement." (Answer at 17). The Court finds Respondent's citation to *Rodriguez* to be negligent at best. By presenting to the court a pleading, written motion, or other paper, an attorney certifies that to the best of the her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the legal contentions therein are warranted. Fed. R. Civ. P. 11.

[4] The precise question before the Ninth Circuit in *Ramirez* was whether *Heck v. Humphry*, 512 U.S. 477 (1994) barred a prisoner's civil rights action under 42 U.S.C. § 1983 where the claim, if successful, might invalidate a disciplinary action that could affect the length of the prisoner's confinement. *Ramirez*, 334 F.3d at 852-53. The statement from *Ramirez* relied on by Respondent regarding habeas jurisdiction is thus dictum.

*v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241); *see also Montano-Figueroa*, 162 F.3d at 549 (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenging to restitution schedule).

In light of *Rodriguez,* the Court concludes that jurisdiction over Petitioner's claim pursuant to section 2241 is proper. Petitioner is currently incarcerated at Taft Correctional Institution, which is within the territorial jurisdiction of the Eastern District of California. 28 U.S.C. § 84. Accordingly, the Eastern District is the appropriate venue for Petitioner's action. 28 U.S.C. § 2241(c)(3).

## II.   Exhaustion

Petitioner concedes that he has not exhausted his administrative remedies, but asserts that exhaustion of his remedies before the BOP would be futile due to BOP regulations. (Pet. at 5-6). Respondent affirmatively asserts exhaustion as a grounds for dismissal, albeit on a tenuous legal basis. (Answer at 18) (citing 42 U.S.C. § 1997e(a)). The Court need not decide whether the Prisoner Litigation Reform Act applies to the instant petition, as the Court finds that the well-settled exhaustion requirement applicable to habeas corpus petitions under section 2241 provides an adequate basis for dismissing this action.[5]

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his

---

[5] The Court notes that Respondent's position appears untenable. Section 1997e applies only to actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). Despite Respondent's characterization of Petitioner's claim as a challenge to "conditions of confinement," Petitioner's claim is best understood as a challenge to the execution of his sentence. *See Montez*, 208 F.3d at 865 (characterizing petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence). Petitioner challenges the application of BOP regulations to him, not the conditions of his place of incarceration.

administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).

Petitioner contends that the BOP refused Petitioner's transfer to a CCC based on former sections 570.20 and 570.21 of title 28 of the Code of Federal Regulations.[6]  Petitioner claims that the execution of his sentence is thus contrary to federal law because former sections 570.20 and 570.21 conflict with the congressional intent manifested in 18 U.S.C. § 3621. *See Rodriguez*, 541 F.3d at 1184 (concluding that the former versions of sections 570.20 and 570.21 were contrary to congressional intent). It is not entirely clear that Petitioner was refused transfer to a CCC based on sections 570.20 and 570.21. However, even assuming sections 570.20 and 570.21 were applied to Petitioner during Petitioner's January 2008 program review, Petitioner has a readily available administrative remedy with the BOP, as the regulations Petitioner contends render his administrative remedy futile are no longer applicable. *See* 28 C.F.R. §§ 570.20-21 (2009); (Answer, Ex. 13 at 5). Pursuant to current BOP policy, a federal prisoner may request transfer to a CCC at any time. (Answer, Ex. 13 at 1-2). Accordingly, Petitioner may request transfer to a CCC, and the BOP will consider his request without regard to former sections 570.20 and 570.21.

Because Petitioner has an adequate administrative remedy that has not been exhausted, the Court, in its discretion, finds that the petition should be dismissed and that Petitioner should seek to exhaust his administrative remedies before proceeding in federal court. *See Rison*, 895 F.2d at 535.

IT IS SO ORDERED.

**Dated:   July 27, 2009**              **/s/ John M. Dixon**
                                         UNITED STATES MAGISTRATE JUDGE

---

[6] Under the former versions of section 570.20 and 570.21, the BOP limited inmates' community confinement to the last 10 percent of the prison sentence being served, not to exceed six months. In *Rodriguez,* the Ninth Circuit held that sections 570.20 and 570.21 necessarily violated the unambiguously expressed intent of Congress conveyed in 18 U.S.C.S. § 3621(b), which expressly instructed that all placement and transfer determinations take into consideration each of the five factors enumerated in § 3621(b).